UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATIJA TURKALJ,<br><br>    Plaintiff,<br><br>    v.<br><br>ENTRA DEFAULT SOLUTIONS, LLC, et al.,<br><br>    Defendants. | Case No. 14-cv-04945-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

## INTRODUCTION

Following foreclosure proceedings against his property, plaintiff Matija Turkalj filed suit against defendants Entra Default Solutions, LLC, a foreclosure trustee, and BSI Financial Services, Inc., a loan servicer, alleging that defendants recorded false instruments to dispossess him of his property. His rambling and hard-to-decipher complaint attempts to allege causes of action for (i) breach of contract, (ii) violation of the Equal Credit Opportunity Act ("ECOA"), (iii) violation of the Fair Credit Reporting Act ("FCRA"), (iv) fraud, and (v) violation of the California Homeowner Bill of Rights (California Civil Code § 2924.17). Defendants move to dismiss the ECOA, FCRA, fraud, and Homeowner Bill of Rights causes of action.[1]

Pursuant to Civil Local Rule 7-1(b), I find this matter appropriate for resolution without oral argument. I previously vacated the hearing set for April 8, 2015. Defendants' motion is GRANTED because Turkalj has not alleged an adverse action as required by the ECOA, notification to a consumer reporting agency as required by the FRCA, reliance as required for his fraud claim, or prejudice as required for his claim under the California Homeowner Bill of Rights.

---

[1] Defendants do not move to dismiss the contract claim.

**BACKGROUND**

Turkalj's complaint is almost unintelligible: it consists of 100 confusing paragraphs of legal assertions and conclusory allegations, many of which do not relate to his causes of action. *See, e.g., Flores v. EMC Mortgage Co.*, 997 F. Supp. 2d 1088, 1102 (E.D. Cal. 2014) ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.") (citation omitted). That said, I must assume the truth of the allegations of the complaint, as best as I can understand them.[2]

In 2010, Turkalj and his wife, Elena Riazanova, purchased real property through a loan secured by a Deed of Trust ("DOT"). Compl. ¶ 7; Ex. 2 [Dkt. No. 1]. The DOT stated, in relevant part:

> The trustor is MATIJA TURKALJ AND ELENA RIAZANOVA, HUSBAND AND WIFE, AS JOINT TENANTS ("Borrower"). The trustee is NORTH AMERICAN TITLE COMPANY ("Trustee"). The beneficiary is Mortgage

---

[2] It is not clear, but it appears that Turkalj's claims all relate to transactions executed pursuant to a Pooling and Servicing Agreement ("PSA") to which he was not a party. *See* Compl. ¶ 1. Courts in this District and elsewhere in the Ninth Circuit have dismissed such claims on the grounds that plaintiffs lack standing to challenge noncompliance with a PSA unless they are parties to the PSA or third party beneficiaries of the PSA. *See, e.g., Dahnken v. Wells Fargo Bank, N.A.*, No. 13-cv-2838 PJH, 2013 WL 5979356, at *2 (N.D. Cal. Nov. 8, 2013) ("Based on plaintiff's lack of standing to challenge the securitization of his loan, the court finds that defendants' motion to dismiss must be GRANTED."); *Shkolnikov v. JPMorgan Chase Bank*, No. 12-cv-03996 JCS, 2012 WL 6553988, at *13 (N.D. Cal. Dec. 14, 2012) ("The majority position is that plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA."); *Junger v. Bank of Am., N.A.*, 2012 WL 603262, at *1, *3 (C.D. Cal. Feb. 24, 2012) ("plaintiff lacks standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA."). It is unclear why the defendants failed to address the standing issue in their motion to dismiss, so I will not rule on it here. If appropriate, defendants may raise that issue in a motion to dismiss an amended complaint or, if Turkalj does not file an amended complaint, in a motion for judgment on the pleadings, so that it can be fully briefed and resolved.

Electronic Registration Systems, Inc. ("MERS")[3] (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns) . . . CHERRY CREEK MORTGAGE CO, INC. ("Lender") is organized and existing under the laws of THE STATE OF COLORADO . . . Borrower owes Lender the principal sum of THREE HUNDRED THIRTY THREE THOUSAND SEVEN HUNDRED NINETY AND 0000/100 Dollars (U.S. $333,790.00).

(…)

Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

Ex. 2.

The DOT was assigned three times. Compl. ¶ 4. MERS assigned the DOT to Bank of America on September 13, 2011. Compl. ¶ 4, Ex. 3. Bank of America then assigned the DOT to the Secretary of Housing and Urban Development on April 8, 2014. Compl. ¶ 4, Ex. 3. Finally, The Secretary of Housing and Urban Development assigned the DOT to CAM VII Trust on May 2, 2014. Compl. ¶ 4, Ex. 5. Each assignment was recorded in Contra Costa County. Exs. 3-5.

Two substitutions of the trustee also occurred. Reconstruct Company, N.A., became the trustee in 2012 and defendant Entra became the current trustee in 2014. Compl. ¶ 5, Exs. 6-7. On June 30, 2014, defendant Entra recorded a Notice of Default, which accelerated Turkalj's mortgage payments. Compl. ¶ 3, Ex. 1.

Turkalj alleges that defendants foreclosed on his property through the use of defective assignments and substitutions and false instruments, including a Notice of Default that falsely

---

[3] "MERS is a private electronic database, operated by MERSCORP, Inc., that tracks the transfer of the beneficial interest in home loans, as well as any changes in loan servicers . . . [Typically,] [a]t the origination of the loan, MERS is designated in the deed of trust as a nominee for the lender and the lender's successors and assigns, and as the deed's beneficiary which holds legal title to the security interest conveyed. If the lender sells or assigns the beneficial interest in the loan to another MERS member, the change is recorded only in the MERS database . . . If the beneficial interest in the loan is sold to a non-MERS member, the transfer of the deed from MERS to the new lender is recorded in county records and the loan is no longer tracked in the MERS system." *Cervantes v. Countrywide Home Loans Inc.*, 656 F.3d 1034, 1038-39 (9th Cir. 2011).

stated that Turkalj had received a Declaration of Default. *See, e.g.,* Compl. ¶¶ 1, 6, 9-10, 13. He makes various other allegations that are not relevant to the disposition of this motion.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether the complaint is sufficient to state a claim, the court accepts as true all factual allegations contained in the complaint. *Id.* However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks omitted). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* "[I]t is within [the court's] wheelhouse to reject, as implausible allegations that are too speculative to warrant further factual development." *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013).

Claims sounding in fraud or mistake are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that such claims "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this standard, a plaintiff must identify "the time, place, and content of [the] alleged misrepresentation[s]," as well as the "circumstances indicating falseness" or "manner in which the representations at issue were false and misleading." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994) (internal quotation marks and modifications omitted). The allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

**DISCUSSION**

**I.      EQUAL CREDIT OPPORTUNITY ACT**

The ECOA prohibits discrimination against a credit applicant based on race, color, religion, national origin, sex or marital status, age, or where an applicant's income derives from public assistance. 15 U.S.C. § 1691(a). It also establishes procedural requirements that creditors must follow when taking adverse action on a credit application, including providing applicants notice of any adverse action. 15 U.S.C. § 1691(d).

Turkalj claims that defendants "revoke[ed] and chang[ed] the terms of an existing credit arrangement without cause" and failed to provide him notice of this adverse action, in violation of the ECOA. Compl. ¶¶ 60-61. Turkalj apparently alleges that defendants revoked or changed the terms of an existing credit arrangement by executing and recording an invalid Notice of Default, falsely assigning the DOT, and substituting the trustee. *See, e.g.,* Compl. ¶¶ 4-9, 14, 60-61.

Turkalj's ECOA claim fails. While a revocation of credit or a change in the terms of an existing credit arrangement constitutes an adverse action, 15 U.S.C. § 1691(d)(6), recording a Notice of Default, assigning the deed of trust, and substituting the trustee do not constitute a revocation of credit or a change in the terms of an existing credit arrangement.[4] *See Gomez v. Bayview Loan Servicing, LLC*, No. 14-cv-04004-CRB, 2015 WL 433669, at *3 (N.D. Cal. Feb. 2, 2015) ("Gomez points to an assignment, a substitution of trustee, and foreclosure notices for support" of his ECOA claim "[b]ut none of these indicates a revocation of or change in credit"); *see also* 12 C.F.R. § 202.2(c)(2)(ii) (adverse action does not mean "[a]ny action or forbearance relating to an account taken in connection with inactivity, default, or delinquency as to that account). Turkalj's ECOA claim is DISMISSED.

---

[4] Turkalj's reliance on *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204 (9th Cir. 2013) is misplaced. There the Ninth Circuit found that plaintiffs properly pleaded an ECOA claim because they alleged that the bank refused to comply with the loan modification arising from court-ordered bankruptcy proceedings. *Id.* at 1206-07. Here there is no allegation that a valid loan modification existed, or that defendants breached it. *See Gomez*, 2015 WL 433669, at *4 (plaintiff's reliance on *Schlegel* was misplaced because *Schlegel* involved defendant's revocation of credit extended in a valid loan modification agreement).

## II. FAIR CREDIT REPORTING ACT

The FCRA ensures that "consumer reporting agencies exercise their grave responsibilities in assembling and evaluating consumers' credit, and disseminating information about consumers' credit with fairness, impartiality, and a respect for the consumer's right to privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (internal brackets omitted) (citing 15 U.S.C. § 1681(a)(4)). The FCRA also imposes duties on the sources that provide credit information to consumer reporting agencies. *Id.* Those sources are referred to as "furnishers" in the FCRA. *Id.* Lenders are among the "most common ... furnishers of information." *Id.* at 1153, n. 7.

Turkalj alleges that 15 U.S.C. section 1681s-2(b) authorizes him to maintain a private cause of action against defendants for violations of the FCRA. Compl. ¶ 65. He further alleges that defendants violated the FCRA by failing to conduct an investigation after Turkalj notified them that the Notice of Default contained false information. Compl. ¶¶ 66-68. Entra and BSI move to dismiss the FCRA claim on the grounds that a consumer only has a private right of action under the FCRA if (1) the consumer first notifies a consumer reporting agency that he is disputing a negative report made to the agency, (2) the consumer reporting agency determines that the consumer's dispute is not frivolous, and (3) the consumer reporting agency notifies the furnisher of the allegedly incorrect information. Entra and BSI contend that Turkalj's FCRA claim fails because he did not allege that he notified a consumer reporting agency of his dispute or that a consumer reporting agency notified Entra or BSI of the allegedly incorrect information.

Defendants are correct. Section 1681s-2(b) "describes the duties faced by furnishers of information upon receiving notice *from a consumer reporting agency* that a consumer disputes the completeness or accuracy of the information that the furnisher provided to the consumer reporting agency." *Gomez*, 2015 WL 433669, at *5 (emphasis in original). Turkalj appears to allege that he triggered defendants' duty under the FCRA when he notified them "that false information was being used in recorded instruments." Compl. ¶ 67. But furnishers' duties under subsection (b) "arise only after the furnisher receives notice of dispute from a [consumer reporting agency]; *notice of a dispute received directly from the consumer does not trigger furnishers' duties under*

*subsection (b)."* *Gorman*, 584 F.3d at 1154 (emphasis added); *see also Rieger v. Am. Exp. Co.*, No. 11-cv-4202 MEJ, 2011 WL 5080188, at *2 (N.D. Cal. Oct. 25, 2011) ("A private cause of action . . . under § 1681s-2(b) . . . is only triggered when a furnisher of information receives a notice of a consumer dispute from a credit reporting agency."). Accordingly, even assuming that Turkalj notified defendants directly of a dispute, that did not trigger defendants' duties under the FCRA.[5] Turkalj's FCRA claim is DISMISSED.

## III.   FRAUD

Turkalj alleges that Entra and BSI committed fraud when they knowingly recorded "false instruments." Compl. ¶¶ 73-75. The elements of fraud are (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Doe v. Gangland Prods., Inc.,* 730 F.3d 946, 960 (9th Cir. 2013) (citation omitted). In addition, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Entra and BSI move to dismiss the fraud claim, arguing that Turkalj does not allege reliance.[6]

Turkalj alleges that "members of the public do substantially rely, to their detriment, on the false instruments executed and recorded by Defendants" and that "[f]uture generations of Californians are at risk of a corrupted title at the hands of Defendants." Compl. ¶ 76. This generalized and conclusory allegation of reliance is insufficient to sustain Turkalj's fraud claim. *See, e.g. Gomez*, 2015 WL 433669, at *6 ("Gomez's concerns about orderly public record-keeping state no link between the alleged misrepresentations and any harm that Gomez allegedly suffered in the chain of events underlying this case. Thus, Gomez fails to plead with sufficient particularity

---

[5] In his opposition, Turkalj cites 15 U.S.C. section 1681s-2(a)(8)(E), which specifies the duties of a furnisher to conduct a reasonable investigation upon being notified of a dispute by a consumer. Opp. at 4. "But no private right of action is available for alleged violations of subsection (a)." *Gomez*, 2015 WL 433669, at *5; *see also Gorman*, 584 F.3d at 1154 (FCRA "limits this private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute from a CRA.").

[6] Defendants assume that the "false instrument" at issue is the Notice of Default. Turkalj appears to confirm this in his opposition brief. *See* Dkt. No. 14 ("It is axiomatic that Plaintiff must have reviewed the Notice of Default in order that he state facts contained within the instrument that were false."). As noted above, I agree that Turkalj's complaint lacks clarity.

1  any reliance, never mind any proximate causation between that reliance and Gomez's detriment.").
2  Turkalj's fraud claim is DISMISSED because he has not alleged that any fraud caused him to take
3  action to his detriment.

### IV. CALIFORNIA HOMEOWNER BILL OF RIGHTS

California Civil Code section 2924.17(a), part of the California Homeowner Bill of Rights, requires that any recorded notice of default, assignment of a deed of trust, or substitution of trustee is "accurate and complete and supported by competent and reliable evidence." Subsection (b) provides that:

> Before recording or filing any of the documents described in subdivision (a), [including a notice of default, assignment of a deed of trust, or substitution of trustee,] a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Cal. Civ. Code § 2924.17(b).

Turkalj alleges that defendants violated section 2924.17 by "failing to ensure that documents were complete and supported by admissible, reliable evidence." Compl. ¶ 89. The documents at issue appear to be the "assignments and all recorded instruments." Compl. ¶ 84. Defendants move to dismiss the section 2924.17 claim because the assignments of the deed were properly executed and, even if the assignments were defective, Turkalj failed to allege prejudice.

Whether or not the assignments were defective, Turkalj's claim fails because he does not allege prejudice, i.e., that the foreclosure would not have occurred but for the defective "assignments and all recorded instruments." *See, e.g.*, *Mann v. Bank of Am., N.A.*, 2014 WL 495617, at *6 (C.D. Cal. Feb. 3, 2014) ("irregularities in the signing or assignment of the security interests [which] do not prejudice the borrower" do not state a section 2924.17 claim); *Javaheri v. JPMorgan Chase Bank, N.A.*, 2012 WL 3426278, at *6 (C.D. Cal. Aug. 13, 2012) ("The foreclosure would occur regardless of what entity was named as trustee, and so Javaheri suffered no injury as a result of this substitution.") *aff'd,* 561 F. App'x 611 (9th Cir. 2014); *see also Quinteros v. Aurora Loan Servs.*, 740 F. Supp. 2d 1163, 1169 (N.D. Cal. 2010) ("some form of actual prejudice is necessary" to state cognizable claim under section 2924).

1   Turkalj alleges that he "has been damaged as a result of Defendant's failure to comply with
2   [section 2924.17] in that his credit has been annihilated, he has suffered emotional distress and
3   humiliation and he cannot sell or otherwise dispose of his real property due to the actions of
4   Defendants."  Compl. ¶ 94; *see also id.* ¶ 6 ("[T]he execution of the subject Notice has materially
5   prejudiced Plaintiffs' contract rights and has caused material damages to plaintiff's existing credit
6   scores and Plaintiffs' ability to maintain and acquire affordable new credit").  Turkalj confuses
7   prejudice and harm.  There is little question that the foreclosure will impact Turkalj's credit and
8   his ability sell the property, but the question is whether the allegedly defective assignments caused
9   or contributed to the foreclosure.  Turkalj does not allege that the section 2924.17 violation had
10  any impact on the foreclosure.  His Homeowner Bill of Rights claim is therefore DISMISSED.

## CONCLUSION

Defendants' motion to dismiss is GRANTED.  Dkt. No. 10.  Turkalj's second through fifth causes of action for violation of the Equal Credit Opportunity Act, violation of the Fair Credit Reporting Act, fraud, and violation of the California Homeowner Bill of Rights are DISMISSED.

Turkalj is granted LEAVE to file an AMENDED COMPLAINT.  He has not previously amended his complaint. Although it appears unlikely that the underlying events support all of his causes of action, it is not clear, at this stage, that "the complaint could not be saved by any amendment."  *Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007).  Accordingly, Turkalj is granted leave to amend.  If he chooses to do so, he should set forth specific non-conclusory facts and allege viable legal theories in an organized and intelligible fashion showing an entitlement to relief.  Any amended complaint must be filed within 20 days of this order.

**IT IS SO ORDERED**.

Dated: April 6, 2015

WILLIAM H. ORRICK
United States District Judge